JOHN F. WAGNER et al., Respondents, *v.* DAVID JONES, Appellant.

Where a question is waived after an objection thereto has been overruled, and is subsequently renewed and allowed to be answered without objection, the failure to object again is a waiver of the former objection.
*Dilleber* v. *H. L. Ins. Co.* (69 N. Y., 256), distinguished.

(Argued March 20, 1879; decided April 8, 1879.)

THIS was an action for trespass in entering and carrying away the stock of plaintiffs' brewery.

Plaintiffs claimed as an item of damages and offered to show that they had a number of customers whom they had agreed to supply for the summer at rates beyond the value of the beer taken, and that in consequence of the taking they lost the entire business. The court held that if plaintiffs could show an absolute loss of profits they might do so, and could recover it. Plaintiffs' counsel then asked a witness if they had engagements to furnish customers at certain rates for the season.

This was objected to by defendant's counsel. Objection overruled, and exception taken; the question was then waived before answer. Another question as to whether the seizure of the beer and stock prevented plaintiffs from delivering to customers, was also objected to; objection overruled, and then question waived. Subsequently, substantially the same questions were repeated, and no objection being made were answered by the witness. *Held,* that the failure to object again was a waiver of the previous objection. The court distinguish the case of *Dilleber* v. *Home Life Ins. Co.* (69 N. Y., 256) in this, that evidence in that case was received under the objections, and it was held that as the point had once been made and the injury done, it was not necessary, in order to save the point, to repeat the objection to the same class of evidence; but here no evidence was received under the objection.

*Samuel Hand* and *John S. Woodward* for appellant.

*George J. Greenfield* for respondent.

MILLER, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.