ALLEN *v.* MASSEY.

1. Under the statute of frauds of Missouri, as interpreted by the highest court of that State, an interpretation which this court will follow, a sale of household furniture in a house occupied jointly by vendor and vendee, both using the furniture alike, and there being no other change of possession than that the vendor, after going around with the vendee and

looking at the furniture and agreeing on the price, turned it over to the vendee and executed a bill of sale before a notary, both parties then, after the sale, occupying the house and using the furniture exactly as before, is void as against the vendor's creditors.

2. An assignee in bankruptcy may pursue the property thus attempted to be transferred, and, as auxiliary to its recovery, ask that the sale by the bankrupt be annulled.

APPEAL from the Circuit Court for the District of Missouri; the case being thus:

The fourteenth section of the Bankrupt Act of March 2d, 1867,* enacts that the judge of the District Court or the register in bankruptcy shall assign all the estate, real and personal, of a bankrupt to his assignee in bankruptcy, and that such assignment shall vest in the assignee all the said estate, and all the property conveyed by the bankrupt in fraud of his creditors, and that the assignee may sue for the same.

And the statute of frauds of Missouri enacts,† that "every sale by a vendor of goods and chattels in his possession, or under his control, unless accompanied by delivery within a reasonable time (regard being had to the situation of the property), and be followed by an actual and continued change of possession, shall be held to be fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith."

These enactments, State and Federal, being in force, one Downing, being indebted to a certain Mrs. Massey, wife of John Massey, conveyed to her a quantity of furniture under the following circumstances: Downing and his family, with John Massey and his family, had been living together in the same house for eighteen years. About five years next previous to the sale now spoken of, they all moved to the house in which they were living at the time of this sale. When they moved into this house Downing furnished a part of it, and Massey a part; Downing furnishing the articles which were the subject of this sale, and which were princi-

---

* 14 Stat. at Large, 522.

† Revised Statutes of 1865, page 440, chapter 107.

pally furniture for the parlor, library, dining-room, halls, and stairways. Both families used and occupied the parlor, library, and dining-room alike, and made equal use of the furniture of these rooms. Massey did the marketing and paid the bills for household expenses, and attended to matters about the house; he and Downing making settlements from time to time and dividing the household expenses between them.

At the time of the sale Downing and Mrs. Massey went around and looked at the different articles of furniture, took an inventory of it, agreed upon the price; and completed the transaction by Downing turning over to her the furniture, and executing and delivering to her a bill of sale duly acknowledged before a notary public. After the sale both families continued to occupy the house and use the furniture as before; the furniture, however, being subject to the absolute and sole control of Mrs. Massey.

Subsequently to this sale Downing was decreed a bankrupt, one Allen being appointed his assignee.

Hereupon Allen filed a bill in the court below against Massey, his wife, and Downing, to have the sale annulled, and the property given up to him the assignee. The District Court rendered a decree to that effect. This decree being affirmed by the Circuit Court, the defendants brought the case here.

*Mr. I. M. Krum, for the appellants; Messrs. H. Hitchcock, G. W. Lubke, and P. Player, contra.*

Mr. Justice FIELD delivered the opinion of the court.

The sale was, within the terms of the statute, fraudulent and void as against Downing's creditors. It was not accompanied by any delivery of the property, and was not followed by any change of possession. The property consisted of furniture used in a house occupied jointly by Downing and his vendee and her husband, and it remained in the same condition, and was used by all three precisely in the same manner after the sale as previously. There was no outward

sign manifested, nor *indicia* exhibited, nor notice given, which could apprise the community of any change of ownership. The object of the statute is to prevent parties from being misled by apparent ownership of property where real ownership does not exist, but where a secret transfer has been made to another. This object would be defeated if a sale like the present one could be upheld. In the case of *Claflin* v. *Rosenberg*,* where the vendor had become the clerk of the purchaser, the Supreme Court of Missouri held that the possession which the purchaser was required to take of the property sold, in order to render the sale valid under the statute, must be open, notorious, and unequivocal, such as would inform the public, or those who were accustomed to deal with the party, that the property had changed hands, and that the title had passed from the vendor to the purchaser; observing at the same time that possession of this kind excluded the idea of a joint or concurrent possession with the vendor. The statute being a local one, applying only to sales in Missouri, this court will follow the construction given to it by the highest court of the State.

The assignee of Downing's estate was authorized, by the express terms of the fourteenth section of the Bankrupt Act, to pursue the property thus attempted to be transferred, and, as auxiliary to its recovery, to ask that the sale of the bankrupt be annulled.

DECREE AFFIRMED.