**Cecil M. JACKSON, Bankrupt, Appellant,**

v.

**A. S. MENICK, Trustee in Bankrutcy of Cecil M. Jackson, Bankrupt, Appellee.**

**No. 15826.**

United States Court of Appeals
Ninth Circuit.

June 19, 1958.

Eugene S. Ives, Martin J. Kirwan, Irving Sulmeyer, Los Angeles, Cal., for appellant.

Hubert F. Laugharn, Andrew F. Leoni, Joseph S. Potts, Jr., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Cecil M. Jackson was duly adjudicated a bankrupt. A. S. Menick was appointed Trustee. Thereafter, the Trustee refused to exempt certain real property on the ground that the Declaration of Homestead is improper in that no description of the property is contained therein. The Referee declared the property exempt to the bankrupt. The District Court reversed the Referee upon review, holding the Declaration of Homestead invalid. Bankrupt appeals from the latter order,

The Declaration of Homestead, recorded by bankrupt and his wife on May 21, 1954, reads:

"Declaration of Homestead
(Joint Declaration of Husband
and Wife)

"Know All Men By These Presents: That the undersigned, to wit, Cecil M. Jackson and Edith E. Jackson do severally certify and declare as follows:

"(1) They are husband and wife.

"(2) Cecil M. Jackson is the head of a family, consisting of himself and wife and two children, Bruce E. Jackson, and Carrie D. Jackson

"(3) They are now residing on the land and premises located in the City of Los Angeles County of Los Angeles, State of California, and more particularly described as follows:

\*   \*   \*   \*   \*

"(4) They claim the land and premises hereinabove described together with the dwelling house thereon, and its appurtenances, as a Homestead.

"(5) They estimate the actual cash value of the land and premises hereinabove described to be Twenty-Seven Thousand and no/100 . . . ($27,000.00) Dollars.

"(6) No former declaration of homestead has been made by them, or by either of them, except as follows:

The former declaration of homestead was abandoned on or about March 12, 1954.

"(7) The character of said property so sought to be homesteaded, and the improvement or improvements which have been affixed thereto, are as follows: six room residence and garage.

"In Witness Whereof, they have hereunto set their hands this 13 day of April, 1954.

"Cecil M. Jackson
(Husband)
Edith E. Jackson
(Wife)"

■ There is no description of the property, as required by § 1263, subd. 3, of the West's Ann. California Civil Code, and the declaration is invalid for that reason. The suggestion that there is a reference in this document to the description of the homestead abandoned March 12, 1954, is palpably unsound. There is no reference thereto and no incorporation by reference thereof as a description of the property presently claimed as homestead.

■ Unfortunate as this may seem for the bankrupt, it must be remembered the Trustee for his creditors held a lien on this real property and was in the same position as a judgment creditor holding an unsatisfied execution as of date of filing the bankruptcy petition.

This Court is constrained to hold that there was here no compliance with the statute of the State of California relating to homestead exemptions. The blank space in the form provided for the particular description of the property is still absolutely blank. Under the California decisions cited in our recent opinions in Esten v. Cheek, 9 Cir., 254 F.2d 667 and Lynch v. Stotler, 9 Cir., 215 F.2d 776, the Declaration of Homestead conveyed no notice to creditors of the description of the property intended to be claimed and is void.

Affirmed.