THE GUARANTY NATIONAL BANK OF HUNTINGTON

*v.*

STATE MOTOR SALES, INC., *et al.*

(No. 12484)

Submitted January 25, 1966.      Decided March 31, 1966.

522

*W. Merton Prunty,* for appellant.

*Douglas C. Tomkies, Greene, Ketchum, Baker & Pauley,* for appellee.

HAYMOND, JUDGE:

In this suit instituted June 16, 1960, in the Circuit Court of Cabell County, under the provisions of Article 1, Chapter 40, Code, 1931, as amended, for the purpose of attacking certain fraudulent conveyances of real estate, the plaintiff Guaranty National Bank of Huntington, West Virginia, a creditor of the defendant State Motor Sales, Inc., seeks an accounting of its financial transactions with the defendant State Motor Sales, Inc., and to set aside as fraudulent a certain deed, dated October 21, 1959, recorded February 19, 1960, made by State Motor Sales, Inc. to the defendant Credit Discount Corporation for certain real estate designated as the Seventh Avenue Lot; a certain other deed, dated March 31, 1960, recorded April 27, 1960, made by the defendant State Motor Sales, Inc. to the defendant Credit Realty Corporation for four parcels known as the Peck Land; a second deed, dated December 9, 1960, made by State Motor Sales, Inc. to the defendant Credit Discount Corporation for the Seventh Avenue Lot; and a second deed, dated December 9, 1960, made by State Motor Sales, Inc. to the defendant Credit Realty Corporation for the Peck Land, the last two mentioned deeds having been made after those defendants had reconveyed the above properties to the defendant State Motor Sales, Inc. by deeds dated July 18, 1960.

The plaintiff also asked that the cause be referred to a commissioner to report liens, that the plaintiff obtain a decretal judgment, and that the property conveyed by State Motor Sales, Inc., by the foregoing deeds should be sold to satisfy the liens against it and the claim of the plaintiff. John O. Jarvis and F. M. Painter, partners, F. M. Painter, the principal stockholder in the defendants State Motor Sales, Inc., Credit Discount Corporation and Credit Realty Corporation, Mary Louise Painter, his wife, and W. W. Painter, his brother, were also made defendants but the

Painters were afterwards dismissed from the suit. Numerous other creditors of the defendant corporations later intervened as parties to the suit and it was eventually converted to a general creditors suit.

On December 19, 1960, an involuntary petition in bankruptcy was filed against the defendant State Motor Sales, Inc. and it was adjudicated a bankrupt on January 3, 1961. On March 17, 1961, the trustee in bankruptcy intervened as a party and on March 27, 1961, filed his answer, in which he prayed that the deeds dated December 9, 1960, made by State Motor Sales, Inc. to Credit Realty Corporation and Credit Discount Corporation be set aside, which deeds the court held to be nullities as to creditors who, when the deeds were made, were parties to this suit by reason of a lis pendens which was filed and recorded when the suit was instituted. On December 22, 1960, the City National Bank of Charleston made a motion to intervene as a plaintiff, which motion was opposed by the Guaranty National Bank of Huntington and the motion at that time was denied. On the same day the defendant State Motor Sales, Inc. moved the court that the lis pendens be released but that motion was opposed and was also denied. On December 23, 1960, judgment was rendered in favor of the plaintiff against the defendant State Motor Sales, Inc. for $71,495.02.

By deed, dated December 27, 1960, Vera Painter, who is not a party to this suit but who is the wife of W. W. Painter, who was a party, purchased from Credit Realty Corporation the real estate known as the Peck Land. The evidence, consisting in part of her testimony, shows that she purchased the property for approximately $125,000.00; that the purchase price was paid by the cancellation of a $4,000.00 loan to Credit Realty Corporation which was used as a payment on the first mortgage lien against the property held by the Pecks, former owners of the property, by an amount consisting of a down payment, by payments made on the first mortgage lien held by the Pecks, and by the assumption of prior existing liens upon the property held by the Pecks and Mary Louise Painter. Vera Painter testified as a witness in behalf of the plaintiff and the court held that it was bound by her testimony.

With respect to the purchase the court held that Vera Painter was a pendente lite purchaser and as such was charged with all information which appeared in the record at the time of the purchase on December 27, 1960, that as such purchaser she was charged with notice of the claims of the plaintiff and the City National Bank of Charleston, whose petition to intervene had been filed on December 22, 1960, and which was permitted to intervene as a defendant in the suit as of that date, and that the transfer to her of the Peck Land, by deed dated December 27, 1960, was a nullity as to the claims of both banks but was good as to all other creditors. *State* v. *Philippi Manufacturing and Mercantile Company,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843; *First National Bank of Webster Springs* v. *McGraw,* 85 W. Va. 298, 101 S. E. 474; *Bryan* v. *Jackson,* 178 Va. 123, 16 S. E. 366. This ruling of the court is not challenged on this appeal.

The petition of the City National Bank of Charleston to intervene and be made a party to the suit, which by order entered April 10, 1961, it was allowed to do as.of December 22, 1960, when its motion to intervene was filed, and which petition was filed as an answer to the complaint of the plaintiff, alleged that the defendant State Motor Sales, Inc., was indebted to the intervenor in the amount of $43,787.69; that the defendant Credit Realty Corporation was indebted to it in the sum of $9698.00; that the defendants State Motor Sales, Inc. and Credit Discount Corporation were indebted to it in the sum of $24,468.00 on a note and conditional sales contract, which were executed by Credit Discount Corporation, assigned to State Motor Sales, Inc., and by it assigned to the intervenor, and it demanded judgment in the total sum of $107,848.69.

The court held that the corporate instrumentality rule applied to the defendants State Motor Sales, Inc., Credit Realty Corporation and Credit Discount Corporation; that their corporate entity should be disregarded and that the assets and the creditors of each were the assets and the creditors of all; that the transfers by the defendant State Motor Sales, Inc. of the Seventh Avenue Lot and the Peck

Land to Credit Discount Corporation and Credit Realty Corporation, by deeds dated October 21, 1959 and March 31, 1960, were made with intent to hinder, delay and defraud creditors within the meaning of the applicable fraudulent conveyance statute and were fraudulent within the corporate instrumentality rule; that the plaintiff Guaranty National Bank of Huntington, under the diligent creditor rule and as a creditor first attacking the conveyances, was entitled to first preference in payment against the Peck Land and the Seventh Avenue Lot which were subject only to valid prior existing liens at the time of the institution of this suit; that the trustee in bankruptcy, who appeared and filed an answer, occupied the position, and was entitled to the rights, of a judgment creditor as of December 19, 1960, when the petition in bankruptcy was filed; that Vera Painter was a bona fide purchaser of the Peck Land for its present fair value, as a grantee of Credit Realty Corporation and not as a grantee of the bankrupt, State Motor Sales, Inc., and that her title to the Peck Land is valid against the trustee in bankruptcy; that the City National Bank of Charleston, under the diligent creditor rule and as an intervening creditor, was the second creditor to attack the foregoing fraudulent conveyances and was entitled to a second preference in payment from the Peck Land, subject only to any valid liens which existed at the time of the institution of this suit.

The circuit court made numerous adjudications of other matters and questions affecting the rights of various parties but as the question of the status of the claim of the City National Bank of Charleston, as an intervening creditor, against the Peck Land, the right of the trustee in bankruptcy to the claim of the City National Bank of Charleston for the benefit of it and the other creditors of the bankrupt, and the question whether the City National Bank of Charleston is entitled to its claim in its entirety, free of any claim of the trustee in bankruptcy for the benefit of the creditors of the bankrupt, are the only issues involved on this appeal, it is unnecessary to consider or discuss its rulings on the other matters dealt with by the circuit court.

By its judgment rendered August 8, 1964, from which this appeal was granted by this Court on June 28, 1965, the circuit court held that the conveyance of the Peck Land to Credit Realty Corporation by State Motor Sales, Inc., by deed dated March 31, 1960, was made with intent to delay, hinder and defraud creditors; that such conveyance is voidable as to Guaranty National Bank of Huntington and City National Bank of Charleston as creditors, who were parties to this suit prior to the transfer of such property to Vera Painter; that such conveyance should be set aside insofar and insofar only as it concerned the rights of the Guaranty National Bank of Huntington and the City National Bank of Charleston; that under the diligent creditor rule the plaintiff, Guaranty National Bank of Huntington, has a preferential lien dating from the institution of this suit on the Peck Land and the Seventh Avenue Lot and that those properties are subject to such preferential lien but that such lien is subject to prior valid and subsisting liens against such properties; and that under the diligent creditor rule the City National Bank of Charleston, as an intervening creditor, has a preferential lien dating from its motion to intervene, upon the Peck Land and the Seventh Avenue Lot, second in priority to the lien of Guaranty National Bank of Huntington and that such lien is also subject to prior valid and subsisting liens against such properties.

Though the amount of the lien of the Guaranty National Bank of Huntington and the amount of the lien of the City National Bank of Charleston, against State Motor Sales, Inc., are not set forth and determined in the judgment, it appears from the record that the principal amount of the lien of the Guaranty National Bank of Huntington against State Motor Sales, Inc. is approximately the sum of $71,495.02; and that the principal amount of the lien of the City National Bank of Charleston against State Motor Sales, Inc. and Credit Discount Corporation is approximately the sum of $24,468.00.

The intervening defendant, Norman E. Rood, Trustee in Bankruptcy for State Motor Sales, Inc., assigns as error the action of the circuit court in holding that the lien of the

City National Bank of Charleston is held by it free of any claim of the trustee in bankruptcy and in failing to hold that the trustee in bankruptcy is vested with the right of the City National Bank of Charleston as a creditor of State Motor Sales, Inc. in and to its lien in the principal amount of approximately $24,468.00, to be administered and enforced against the assets of the bankrupt for the common benefit of the City National Bank of Charleston and the other creditors of the bankrupt, State Motor Sales, Inc.

It is well settled by the decisions of this Court that by the commencement of a suit to set aside a fraudulent conveyance a creditor who successfully attacks such conveyance obtains a lien upon the property proceeded against which takes preference over other creditors if there are no other prior valid liens. 9 M. J., Fraudulent and Voluntary Conveyances, Section 77; *Hines* v. *Fulton,* 104 W. Va. 561, 140 S. E. 537; *Murphy* v. *Fairweather,* 72 W. Va. 14, 77 S. E. 321; *Gilbert* v. *Peppers,* 65 W. Va. 355, 64 S. E. 361, 36 L. R. A., N. S., 1181; *Dent* v. *Pickens,* 59 W. Va. 274, 53 S. E. 154; *The Geiser Manufacturing Company* v. *Chewning,* 52 W. Va. 523, 44 S. E. 193; *Foley* v. *Ruley,* 50 W. Va. 158, 40 S. E. 382, 55 L. R. A. 916; *Clark* v. *Figgins,* 31 W. Va. 156, 5 S. E. 643, 13 Am. St. Rep. 860; *Wallace* v. *Treakle,* 68 Va. (27 Gratt.) 479. In the *Foley* case the opinion contains this statement: "It has frequently been held that the creditor who first files his bill obtains thereby a priority and is entitled to be first paid from the proceeds of the sale of the property, the fraudulent conveyance of which is set aside, if there are no valid prior liens."; and in discussing the earlier Virginia case of *Wallace* v. *Treakle,* 68 Va. (27 Gratt.) 479, which this Court said should have peculiar force in this State for the reason that statutes of this State and Virginia relating to judgment liens and fraudulent conveyances are practically identical, the opinion contains this quotation from the opinion in the *Wallace* case: "It is plain by the very terms of this statute the creditor, assailing successfully a fraudulent conveyance, is placed in the same position, and is entitled to the *same relief,* as if he had already obtained a judgment or decree against his debtor. What is that position, and what is that relief?

Plainly a lien upon the property of the debtor, just as if he had, at the filing of his bill, already obtained a judgment or decree. The statute places the creditor, who assails a fraudulent conveyance, if he succeeds in vacating it, in the position of one already having obtained a judgment or decree, and his lien subsists from the time of filing his bill."

Under the foregoing authorities, the plaintiff, Guaranty National Bank of Huntington, obtained a lien against the Seventh Avenue Lot conveyed by State Motor Sales, Inc. to Credit Discount Corporation, by deed dated October 21, 1959, and against the Peck Land conveyed by State Motor Sales, Inc. to Credit Realty Corporation, by deed dated March 31, 1960, upon the institution of this suit, and as the status given that lien by the circuit court is not challenged or attacked in this Court, its status will not be considered or disturbed on this appeal.

Likewise under the foregoing authorities, the defendant, City National Bank of Charleston, by intervening in this suit to set aside such fraudulent conveyances, as of December 22, 1960, obtained a lien against the properties covered by the foregoing fraudulent conveyances of October 21, 1959 and March 31, 1960, which lien was second in priority to the lien of the plaintiff Guaranty National Bank of Huntington.

The lien of the City National Bank of Charleston, however, was obtained after a petition of involuntary bankruptcy was filed against the debtor, State Motor Sales, Inc., on December 19, 1960, and the adjudication of the debtor a bankrupt occurred on January 3, 1961; and as the lien of the City National Bank of Charleston was obtained within four months of the filing of the petition in bankruptcy it was rendered null and void by the action of the trustee in bankruptcy under the applicable federal statute, 11 U.S.C.A., Section 107 (a) (1), in intervening and attacking as fraudulent the transfers made by the defendant State Motor Sales, Inc.

The foregoing statute, to the extent here pertinent, provides that "Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or

equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: *Provided, however,* That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided."

The critical time at which the rights of the trustee in bankruptcy are to be determined is the date of the bankruptcy and in general the lien of a creditor does not acquire validity after a petition in bankruptcy is filed. *Lockhart* v. *Garden City Bank and Trust Company,* 2d cir., 116 F. 2d 658.

The lien of the City National Bank of Charleston, having been nullified and voided by the action of the trustee under the foregoing statute, the claim to which such lien had attached, being a claim of a creditor of the bankrupt, passed to and became vested in the trustee in bankruptcy for the benefit of the creditors of the bankrupt, State Motor Sales, Inc., including the City National Bank of Charleston as one of such creditors. As the lien of that bank as a creditor of the bankrupt was nullified and voided by the action of the trustee under the foregoing statute and as the right to the claim to which the lien had attached of the City National Bank of Charleston as a creditor of the bankrupt passed to the trustee in bankruptcy for the common benefit of the bank and the other creditors of the bankrupt, the City National Bank of Charleston was not entitled to the sole benefit of its claim in the principal sum of approximately $24,468.00 to the exclusion of the trustee in bankruptcy as a representative of the creditors of the bankrupt. 11 U. S. C. A., Section 110 (c), to the extent here applicable, provides that "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien

by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists." Under the foregoing statute, the trustee in bankruptcy is vested as of the date of the filing of the petition in bankruptcy with all the rights, remedies and powers of a creditor who could have obtained a lien by legal or equitable proceedings upon property which may be subjected to such lien; and the controlling time at which the rights of the trustee are to be determined is the date of the filing of the petition. *Lewis* v. *Manufacturers National Bank of Detroit,* 364 U. S. 603, 81 S. Ct. 347, 5 L. Ed. 2d 323; *Lockhart* v. *Garden City Bank and Trust Company,* 2d cir., 116 F. 2d 658; 8A C. J. S., Bankruptcy, Section 239.

Section 110 (e) (2) of the same statute contains these provisions: "All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: ".

Under the applicable federal statutes, the trustee in bankruptcy, in addition to succeeding to all rights of the bankrupt, is vested with any and all rights belonging to the creditors of the bankrupt's estate; the trustee in bankruptcy represents all the creditors and when he acts he does so for the benefit of the estate. He possesses the rights of the creditors for the purpose of recovering and preserving and protecting the assets of the bankrupt for distribution among the creditors. 2 M. J., Bankruptcy, Section 69. The trustee in bankruptcy has the right of an execution creditor against property in the possession of the bankrupt. *Jackson* v. *Menick,* 9th cir., 260 F. 2d 563; *Sehon-Stevenson and Company* v. *Townshend,* N. D. of W. Va., 35 F. Supp. 127. A trustee in bankruptcy is vested with all the rights of a judgment creditor of the bankrupt holding an execution returned unsatisfied and takes not only all of the rights of the bankrupt in his property but he also succeeds to all the rights of the creditors of the bankrupt. *Globe Bank and Trust*

*Company of Paducah, Kentucky* v. *Martin,* 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; *Heath* v. *Helmick,* 9th cir., 173 F. 2d 157; *In re Downing,* 2d cir., 201 F. 93; *Frost* v. *Latham and Company,* C. C. A., Ala., 181 F. 866; *In re Bothe,* C.C.A., Mo., 173 F. 597; *Hull* v. *Burr,* 5th cir., 153 F. 945; 2 M. J., Bankruptcy, Section 69; 8 C. J. S., Bankruptcy, Section 199. On adjudication of the bankruptcy all the property of the bankrupt vests in the trustee as of the date of the filing of the petition, *In re Park Beach Hotel Building Corporation,* 7th cir., 96 F. 2d 886, certiorari denied, 305 U. S. 638, 59 S. Ct. 105, 83 L. Ed. 411; and the trustee takes the status of a creditor holding a lien as of the time of the filing of the petition in bankruptcy. *Bailey* v. *Baker Ice Machine Company,* 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275.

Under Section 110 (a) (4), the title to all property transferred by the bankrupt in fraud of his creditors vests in the trustee in bankruptcy for the benefit of the creditors of the bankrupt. *Hewitt* v. *Berlin Machine Works,* 194 U. S. 296, 24 S. Ct. 690, 48 L. Ed. 986. The trustee may assert any right which a creditor of the bankrupt may have asserted on the facts which exist at the time of the filing of the petition in bankruptcy. *Allen* v. *Massey,* 84 U. S. (17 Wall.) 351, 21 L. Ed. 542. When a trustee in bankruptcy intervenes in a suit instituted by creditors of the bankrupt, a recovery is for the benefit of all the creditors of the bankrupt and not merely for the original plaintiff and the trustee is entitled to the entire proceeds of the sale of the property. *Bunch* v. *Smith,* 116 Tenn. 201, 93 S. W. 80. A trustee in bankruptcy who intervenes in a suit instituted by a creditor of the bankrupt represents all the creditors of the bankrupt and an adjudicated claim of another creditor of the bankrupt who intervenes as a party is for the benefit of all the creditors of the bankrupt represented by such trustee and is not merely for the benefit of such intervening creditor. See *Miller* v. *Potts,* 6 cir., 26 F. 2d 851. In *Lewis* v. *Manufacturers National Bank of Detroit,* 364 U. S. 603, 81 S. Ct. 347, 5 L. Ed. 2d 323, the Supreme Court of the United States said that the trustee acquires the status of a creditor of the bankrupt when the petition in bankruptcy is filed which, in this instance, as previously indicated, was December 19,

1960, three days before the intervention of the City National Bank of Charleston, as of December 22, 1960, as a party to this suit. The theme of the bankruptcy act is equality of distribution. *Sampsell* v. *Imperial Paper and Color Corporation*, 313 U. S. 215, 61 S. Ct. 904, 85 L. Ed. 1293; *Moore* v. *Bay*, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133, 76 A. L. R. 1198. In *The Ruhl-Koblegard Company* v. *Gillespie*, 61 W. Va. 584, 56 S. E. 898, 10 L. R. A., N. S. 305, 11 Ann. Cas. 929, this Court cited with approval this quotation from *Trimble* v. *Woodhead*, 102 U. S. 647, 26 L. Ed. 290: "The primary object of the bankrupt law is to secure the equal distribution of the property of the bankrupt of every kind among his creditors."

Under the applicable provisions of the bankruptcy act the intervening defendant, Norman E. Rood, Trustee in Bankruptcy for the bankrupt, the defendant State Motor Sales, Inc., is entitled to all the rights of the City National Bank of Charleston, the intervening creditor, in and to its claim of approximately $24,468.00 against the bankrupt for the benefit of the creditors of the bankrupt, including that bank among such creditors, and the City National Bank of Charleston, as a creditor of the bankrupt, is not entitled to the benefit of its claim to the exclusion of the other creditors of the bankrupt who are represented by such trustee in bankruptcy.

As already indicated the claim of the City National Bank of Charleston for approximately $24,468.00 against the bankrupt, State Motor Sales, Inc., is also a claim against the defendant Credit Discount Corporation which the City National Bank of Charleston may enforce against that defendant corporation and its assets to the extent that it exists as a separate entity from State Motor Sales, Inc., and has assets separate and distinct from those of the bankrupt; and, of course, the claim of the City National Bank of Charleston against Credit Discount Corporation and its claim against Credit Realty Corporation are not vested in the trustee in bankruptcy for the reason that neither of those corporations has been adjudicated a bankrupt and the trustee in bankruptcy of the bankrupt, State Motor

Sales, Inc., has no vested right or interest and can exercise no right or control as to any claims against either of those corporations, as distinct entities, or the separate and distinct assets, if any there be, of either of them.

The circuit court erred in adjudicating the claim of the City National Bank of Charleston for approximately $24,-468.00 to be for its exclusive benefit instead of holding that such claim was vested in the trustee in bankruptcy for the benefit of the bank and the other creditors of the bankrupt in and to such claim in common with each other. For that reason the judgment as to the claim of the City National Bank of Charleston against the bankrupt, State Motor Sales, Inc., is reversed and this cause is remanded to the circuit court for such further proceedings as may be proper in conformity to the principles enunciated in this opinion.

*Reversed and remanded with directions.*