(109 App. Div. 876) .

## BRYAN v. MADDEN.

(Supreme Court, Appellate Division, Second Department.  December 29, 1905.)

**1. BANKRUPTCY—PREFERENCES.**
    An assignment of contracts by a husband to his wife within four months of the filing of his petition in bankruptcy, while she knew that he was insolvent and that he intended to file the petition, was a voidable preference.
    [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 255.]

**2. SAME—SETTING ASIDE.**
    Where an assignment by a bankrupt to his wife of certain contracts was voidable as a preference, and he thereafter assigned them under order of court to the trustee in bankruptcy, who sold them at public sale, the purchaser could sue to have the assignment to the bankrupt's wife set aside.

Appeal from Trial Term, Kings County.

Action by Charles A. Bryan against Matilda L. Madden, impleaded with the Equitable Life Assurance Society of the United States. From a judgment in favor of plaintiff, defendant Madden appeals. Affirmed.

See 78 N. Y. Supp. 220.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Thaddeus D. Kenneson, for appellant.

George E. Morgan (Charles N. Morgan, on the brief), for respondent.

HIRSCHBERG, P. J.  The judgment sets aside an assignment of certain contracts which William J. Madden made to the appellant, his wife, as void under the national bankruptcy act.  Madden filed his petition in voluntary bankruptcy on August 3, 1900, and was duly adjudged a bankrupt, and a trustee in bankruptcy was appointed. He made the assignment of the contracts to his wife on July 14, 1900, thus giving her a preference as a creditor within four months of the filing of the petition, and rendering the assignment voidable by the trustee, under the terms of the act.  She knew that he was insolvent at the time, and that he intended to file a petition in bankruptcy.  I think a prima facie case for relief was established, and there can be no doubt of the jurisdiction of the state court.  Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10; Vollkommer v. Frank, 107 App. Div. 594, 95 N. Y. Supp. 324.

The serious question is as to the plaintiff's right to maintain the action.  On December 4, 1900, the trustee presented a petition to the District Court of the United States asking for an order directing Madden to assign the contract to him, and an order to that effect was thereafter made, pursuant to which Madden did on January 12, 1901, assign the contract to the trustee.  This was, however, subject to whatever rights the appellant may have had by virtue of the assignment to her.  Thereafter, on March 5, 1901, an order was made by the District Court directing the trustee to advertise and sell at public auction the bankrupt's interest in the contracts; a sale:

was made as directed and duly confirmed, and the trustee executed an assignment to the purchaser of the contracts and all moneys due and to grow due under them subject only to an interest not germane on this appeal. The plaintiff succeeded by purchase and assignment to all the rights of the purchaser at the sale directed by the court. The object of the proceedings was clearly to confer upon the purchaser at the judicial sale all the interest and rights of the trustee, and I see no reason for not holding that that object was accomplished. Otherwise the purchaser acquired nothing of value at the sale, although the trustee certainly parted with his right to assail the assignment to the appellant and to reap whatever financial results might flow therefrom. In principle the case is like Porter v. Parmley, 52 N. Y. 185, where it was held that a sale upon execution of all the right, title, and interest of a judgment debtor in chattels which are covered by a mortgage which is void as to creditors, is a sale of all that is vendible upon the execution, and gives to the purchaser all the creditor's rights as against the mortgagee. The same doctrine was declared in Wagner v. Jones, 7 Daly, 375, affirmed 77 N. Y. 590.

The trustee could undoubtedly have maintained the action. The judicial sale of the contracts, in the absence of qualifying conditions, must be deemed to have been designed to carry with it all that was vendible, including the right to maintain an action in equity to set aside the prior voidable assignment, and the consummation of the sale should be held to have effected the result which was intended.

The judgment should be affirmed. All concur.