### In re ROTHSCHILD.

(Circuit Court of Appeals, Second Circuit. May 10, 1907.)

BANKRUPTCY—JURISDICTION OF COURT—SUMMARY PROCEEDINGS.

> Where a receiver for a bankrupt's estate has, with the assent of the bankruptcy court, vacated premises of which a third party was claiming the right of possession, and such third person has thereupon made peaceable entry thereon, a subsequently appointed trustee of the estate cannot oust the third party and retake possession through a summary proceeding in the court of bankruptcy.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon petition to review an order of the District Court, Southern District of New York, denying an application of the trustee for an injunction and other relief. Rothschild, by agreement dated January 16, 1905, leased from the Gorham Manufacturing Company the premises 384 Fifth avenue from the date of completion of the building thereon until April

30, 1926, at the yearly rent of $35,000, to be paid in equal monthly payments on the 1st day of each and every month. He entered into possession of the lease some time prior to his bankruptcy. About July 14, 1906, the Gorham Company, claiming that the July rent was due and unpaid, began dispossess proceedings under the New York Code of Civil Procedure in the Municipal Court. The precept, which was returnable on July 24th, was served, not on the tenant personally, but by leaving a copy thereof with a person in charge on the premises. On the return day a stipulation signed by attorneys for the landlord and attorneys for the tenant was presented, consenting that Rothschild might have until the 26th to pay the rent, but not extending his time to plead or put in any defense; a clause to that effect being struck out of the stipulation. Thereupon a final order was made in favor of the landlord, awarding to said landlord the delivery of the premises by reason of the tenant's nonpayment of rent. The order contained a marginal note: "Warrant issued 27th day of July, 1906. See stipulation." The 26th of July passed without payment of the rent. On the 27th the warrant issued, and on the same day three checks, aggregating $2,916.67, were delivered by Rothschild to the attorneys for the company. Before the warrant was served or the checks cashed Rothschild was thrown into bankruptcy by the filing of a petition against him (July 31st). The next day a receiver was appointed, who at once took possession of the premises, and on August 7th the bankruptcy court made an order restraining the Gorham Company from taking any steps to carry out its dispossess warrant and from interfering with the possession of the receiver. The receiver continued in possession, selling out the bankrupt's stock and fixtures, through the month of August, by which time he had entirely disposed of them. Rothschild was adjudged a bankrupt August 30th. On September 7th, on notice to the company, the facts above recited were laid before the bankruptcy court, and the receiver moved that the injunction against the company should be continued. This motion was denied, without prejudice to the rights of any of the parties or of the estate of the bankrupt, whereupon the receiver vacated the premises and the company entered into possession of the same. Thereafter, on November 23d, the trustee, who had meanwhile been appointed and had succeeded the receiver, moved upon notice to vacate the order of September 7th, to reinstate the injunction, and make the same permanent, restraining the company from interfering with the possession of the trustee and his enjoyment of the unexpired term of the lease. This motion was denied, and that denial is brought here for review.

E. J. Myers and Myers & Goldsmith, for petitioner.

J. Noble Hayes, Peter B. Olney, Jr., and George Carleton Comstock, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The District Judge denied the motion, for the reason that "there is a fatal lack of jurisdiction apparent upon the face of the petition." The argument here has been widely extended, involving a discussion as to the general powers and limitations of courts of bankruptcy, when proceedings affecting rights of the bankrupt have been begun in a state court before the filing of the petition. It is unnecessary to enter upon any such discussion, since we are clearly of the opinion that after the representative of the bankrupt's estate (the receiver) has, with the apparent assent of the bankruptcy court, vacated premises of which a third party is claiming possession, and such third person has thereupon made peaceable entry thereon, a subsequently appointed representative of the estate (the trustee) cannot oust the third party and retake possession thereof by any such

summary proceeding as this, either in a bankruptcy court or in any, other court of whose procedure we have any knowledge.

The order is affirmed, with costs.