HOGG v. HOAG et al. HOFFMAN et al. v. HOGG. (Circuit Court of Appeals, Second Circuit. June 20, 1907.) Nos. 238, 239. Appeals from the Circuit Court of the United States for the Southern District of New York. On appeal and cross-appeal from a final decree of the Circuit Court for the Southern District of New York, filed July 25, 1905. The opinion of the Circuit Court is reported in 107 Fed. 807. John De Witt Warner, for Hogg and others. Anderson, Pendleton & Anderson, for Hoffman and others. Charles Bulkley Hubbell (Charles F. Matthewson, of counsel), for appellees William H. Hoag and others. Huntington & Rheinlander (Francis K. Pendleton and Origen S. Seymour, of counsel), for Hoag. Gould & Wilkie (William B. Goodwin, of counsel), for the receiver. Before TOWNSEND and COXE, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. The record presents an unusual number of perplexing problems, the solution of which is rendered doubly difficult by the fact that the transactions in question occurred 20 years ago; all the principal actors being now dead. The opinion of the circuit judge presents a painstaking and elaborate statement of facts. This statement has been criticised, and some minor errors and discrepancies have been pointed out, but it is unnecessary to attempt to correct them, as, in our judgment, they are all negligible and have no bearing upon the result. After a careful examination of the record and the briefs we are not persuaded that reversible error exists. In the case of Coe we have no doubt whatever of the correctness of the conclusions of the Circuit Court. If all the evidence, documentary and oral, relating to the Coe trust were before us, we feel confident that many of the transactions which now seem inexplicable would be made clear, but, in the absence of such proof, we are not justified in presuming mala fides, especially where, as in the case of Coe, no motive for wrongdoing appears. Regarding the liability of Hogg, as found by the Circuit Court, the testimony leaves us in doubt as to the intent and purpose of the parties in the delivery and acceptance of the certificate 18½. No theory which is advanced regarding it leads to a perfectly consistent and satisfactory conclusion. In such circumstances we are of the opinion that the Circuit Court has adopted the most natural and logical solution of the difficulty by treating Hogg as a subscriber for 270

shares under the trust and as succeeding to the rights and obligations of the defaulting syndicate members. So treated, the transaction is consonant with honesty and fair dealing, which, in the absence of proof to the contrary, must necessarily be inferred. We are unable to find in the record sufficient proof of wrongdoing to justify the inference of the existence of a conspiracy to defraud entered into by men who, apparently, were held in high esteem by their associates in the various efforts to complete the Oregon Pacific Railroad, and who were regarded as men of high character in the community in which they lived. The decree should be affirmed, with costs to the executors of the estate of George S. Coe against the cross-appellants.

TOWNSEND, Circuit Judge, heard the argument and participated in the preliminary consultation.