UNITED STATES GYPSUM CO. v. HOXIE et al.

(Circuit Court, N. D. Iowa, E. D. August 14, 1909.)

No. 265.

1. EQUITY (§ 197*)—CROSS-BILL—RIGHT TO FILE—PERSONS NOT PARTIES.
    It is a rule of equity pleading prevailing in the federal courts that one who is not a party to a suit cannot file or join in a cross-bill or other pleading to the merits until he has been made a party by some recognized method of equity procedure.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 458; Dec. Dig. § 197.*]

2. CORPORATIONS (§ 630*)—DISSOLUTION BY ACT OF STOCKHOLDER UNDER IOWA STATUTE—RIGHT TO SUE AFTER DISSOLUTION—SUIT TO SET ASIDE JUDGMENT—PARTIES.
    Under Code Iowa, §§ 1617, 1629, which provide that, on the dissolution of a corporation by the voluntary act of the stockholders, notice shall be given as is required on its organization, and that it may nevertheless continue to act for the purpose of winding up its affairs, an allegation in a pleading that prior to the time a corporation commenced an action and recovered a judgment it had been dissolved by the consent of its stockholders, without more, does not state any ground for setting aside such judgment for want of its capacity to sue, nor relieve the pleader from the necessity of making it a party to the suit; there being no allegation that it has transferred the judgment.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2482; Dec. Dig. § 630.*]

In Equity. On demurrer to cross-bill.

C. C. Cole, for cross-complainants.
Dawley & Wheeler and Edwards & Longley, for defendants.

REED, District Judge. The original bill is by the United States Gypsum Company, a New Jersey corporation, to establish an equitable right and title to a judgment recovered by the Carbon Plaster Company, an alleged corporation of Iowa, in the district court of that state in and for Blackhawk county, July 13, 1907, for some $18,500 and interest, against N. J. Berkley and Henry Meyers, defendants in that bill, and John Thee, who is not made a party thereto. The defendants N. J. Berkley and Henry Meyers and said John Thee, without leave of court, have filed a cross-bill against the original complainant, the United States Gypsum Company and A. J. Edwards, Alfred Longley, and Jesse Gouge, defendants in the original bill, in which it is alleged in substance that the judgment against the cross-complainants in the state court, which it is alleged in the original bill equitably belongs to the complainant therein, was fraudulently obtained by the defendants A. J. Edwards, Alfred Longley, and Jesse Gouge, in the name of the Carbon Plaster Company, upon a cause of action alleged to exist in favor of that corporation, when in fact there was no such corporation then in existence, it having been dissolved, as alleged, in February, 1902, prior to the commencement of that suit, by the unani-

mous consent of all of its stockholders; and affirmative relief is pray-ed that said judgment be canceled and set aside, and that the amount thereof paid by them to the sheriff of Blackhawk county be returned to the cross-complainants. The defendants A. J. Edwards, Alfred Longley, and Jesse Gouge demur to the cross-bill, upon the ground that the Carbon Plaster Company is an indispensable party to the com-plete determination of the matters alleged in that bill and is not made a party thereto.

A serious, if not fatal, defect in the cross-bill, is that one of the complainants therein is not a defendant or party in any way to the original bill. The rule is elementary that a cross-bill can only be filed by a defendant or defendants in the original bill against the complainant therein, or other defendants, or against both, touching matters alleged in the original bill. Story's Eq. Pl. (8th Ed.) § 389 et seq.; Bates' Fed. Eq. § 374 et seq.; Street's Fed. Eq. §§ 1046–1049. Ordinarily new parties cannot be brought into a suit as defendants in the federal court by a cross-bill. If the interest of a defendant re-quires their presence, he takes the objection of nonjoinder, and the complainant is forced to amend, or the bill is dismissed. Shields v. Barrows, 17 How. 130–144, 15 L. Ed. 158; Bank v. Carrollton Railroad, 11 Wall. 624–632, 20 L. Ed. 82; Smith v. Woolfolk, 115 U. S. 143–148, 5 Sup. Ct. 1177, 29 L. Ed. 357. This rule is generally followed in the federal courts, though it may not be in the state courts, especially in those states where a statute authorizes third parties to be made defend-ants to a cross-bill, as is the case in Iowa. Code Iowa 1897, § 3574.

This question, however, need not now be determined; for it does not arise in this case, and it is plain that one not a party to a suit in equity in the federal court is not permitted to file a cross-bill, or other pleading to the merits, therein, until he becomes a party to the suit in some recognized mode of equity procedure. The complainant in the original bill has not seen fit, for some reason, to make the cross-complainant John Thee a party defendant to that bill. It is true that in the body of the bill John Thee is referred to as one of the defend-ants therein; but he is not in fact named as a defendant, either in the caption of the bill or in the subpœna, and no relief is prayed against him, and no service has been made upon him. He is not, therefore, a party to the original bill and cannot rightly file, or be a party complainant to, a cross-bill therein.

If this difficulty should be overlooked, or if it could be avoided, the question would remain: Is the Carbon Plaster Company, alleged in the original bill to be a corporation of Iowa, and as such to have re-covered in the state court the judgment in question against the cross-complainants, an indispensable party to this cross-bill? If the judg-ment is absolutely void because the Carbon Plaster Company had ceas-ed to exist before its rendition, that fact would be available as a de-fense to the original bill upon answer of the judgment defendants, or such of them as are defendants to that bill. But are the cross-com-plainants entitled to the affirmative relief, prayed by them, that the judgment be canceled and set aside, and the amount thereof, paid

by them under duress, as they allege, to the sheriff of Blackhawk county, returned to them, in the absence both of the Carbon Plaster Company, or its stockholders, and the sheriff to whom they paid the judgment? If the judgment had in fact been assigned to the United States Gypsum Company by the Carbon Plaster Company, it may be that neither the latter named company nor its stockholders would be an indispensable party or parties to the suit, inasmuch as the company would then have parted with all of its interest in the judgment; but it would be a proper party, if still in existence. It is not, however, alleged, either in the original bill or in the cross-bill, that the judgment had been assigned to the original complainant. That complainant only alleges that it was the owner, either by assignment from the Carbon Plaster Company of the cause of action upon which the judgment was recovered or by its purchase of all of the stock of that corporation, and that it was therefore the equitable owner of the judgment so recovered, and entitled to the amount that has been paid, or that may be collected, thereon. The Carbon Plaster Company, therefore, under the allegations of the original bill, is an indispensable party to that bill, and it is made defendant thereto.

The cross-bill alleges, in substance, that the Carbon Plaster Company had assigned and transferred to the United States Gypsum Company all of its property and assets of every description (save some specified exceptions not necessary to notice); that its stockholders had transferred their stock to the United States Gypsum Company, and received therefor the stock of that company; and that the Carbon Plaster Company thereby became merged in the United States Gypsum Company, and was by the unanimous consent of all of its stockholders dissolved prior to the commencement in its name of the suit in the state court which resulted in the judgment in question against the cross-complainants. If it is true that the Carbon Plaster Company was dissolved, and had ceased to exist, prior to the commencement of the suit in the state court, the question naturally arises why that defense was not urged by the cross-complainants in that suit. Plainly, the Carbon Plaster Company is, or its stockholders are, vitally interested in the relief prayed in the cross-bill, and the corporation, if in existence, is, and, if not, its stockholders are, indispensable to the full and complete determination of the questions alleged both in the original and in the cross-bill.

But it is said in behalf of the cross-complainants that by the demurrer to the cross-bill it is admitted that the Carbon Plaster Company has been dissolved, and that it cannot, therefore, be rightly made a party thereto, any more than it could rightly sue or have been sued in the state court. If the corporation was in fact dissolved by unanimous consent, as authorized by the statute of Iowa, then its stockholders would, upon such dissolution, become owners in common of the assets of the corporation, including the alleged cause of action upon which the judgment was recovered in the state court against the cross-complainants (Pewabic Mining Co. v. Mason, 145 U. S. 349–356, 12 Sup. Ct. 887, 36 L. Ed. 732; Thompson v. Lambert, 44 Iowa, 239–243),

and they would be directly interested in the determination of the controversy presented by the cross-bill.

But is the corporation dissolved upon the facts alleged in the cross-bill? The Code of Iowa, under which the Carbon Plaster Company is alleged to have been incorporated, provides:

"Sec. 1617. A corporation may be dissolved prior to the period fixed in the articles of incorporation, by unanimous consent, or in accordance with the provisions of its articles, and notice thereof must be given in the same manner and for the same time as is required for its organization."

"Sec. 1629. Corporations whose charters expire by limitation or the voluntary act of the stockholders may nevertheless continue to act for the purpose of winding up their affairs."

"Sec. 1640. Courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, and to appoint a receiver therefor, who shall be a resident of the state of Iowa. An action therefor may be instituted by the Attorney General in the name of the state, reserving, however, to the stockholders and creditors all rights now possessed by them."

It is not alleged that the corporation was dissolved by a decree of court, as authorized by section 1640, above, in which event it would cease to exist for any purpose, and its property pass to the custody of a receiver, who would protect, under the direction of the court, the interests of both its creditors and stockholders (National Bank v. Colby, 21 Wall. 609, 614, 22 L. Ed. 687; Pendleton v. Russell, 144 U. S. 640–645, 12 Sup. Ct. 743, 36 L. Ed. 574; State v. Fidelity Loan & Trust Co., 113 Iowa, 439, 85 N. W. 638); but the allegation is that it was dissolved by the unanimous consent or vote of all of its stockholders prior to the commencement of the suit in the state court. The demurrer admits only the facts that are well pleaded, and it may well be doubted if the averment "that the corporation has been dissolved by unanimous consent of its stockholders," without the further averment that notice of such proposed dissolution was given as required by section 1617 of the Iowa Code, is an averment of the necessary facts under that section to dissolve the corporation. Neither would the alleged sale of the entire business and most of the property of the corporation necessarily work its dissolution. That might prevent its continuing to do business, but it would not dissolve the corporation. Price v. Holcomb, 89 Iowa, 123–137, 56 N. W. 407.

But, if it should be conceded that the corporation was legally dissolved by unanimous consent, as authorized by section 1617 of the Iowa Code, then under section 1629 it would continue to exist for the purpose of winding up its affairs; and to this end it might rightly maintain actions at law or suits in equity to preserve its property, reduce it to possession, or convert it into money for such purpose, and until its affairs were so settled its property would continue to be the property of the corporation, and it might sue and be sued as such with reference thereto. Muscatine Turn Verein v. Funk, 18 Iowa, 469; State v. Fogerty, 105 Iowa, 32–36, 74 N. W. 754; Dillon v. Lee, 110 Iowa, 156–163, 81 N. W. 245. In State v. Fogerty, above, it is said:

"But our statute provides: 'Corporations whose charters expire by limitation or the voluntary act of the stockholders may nevertheless continue to act for the purpose of winding up their affairs,' Code, § 1629. Under this section the

Skinner Manufacturing Company [the corporation whose property was there involved] continued to live for the purpose of discharging its obligations and disposing of its property. * * * The property continued that of the corporation until it was disposed of in winding up its affairs, and the corporation remained in existence for that purpose."

The conclusion therefore, is that the demurrer to the cross-bill should be sustained; and it is so ordered. The cross-complainants N. J. Berkley and Henry Meyers may answer the original bill, or stand upon their cross-bill, by the September rules, as they may then elect. It is ordered accordingly.