EWING et al. v. SEABOARD AIR LINE RY.

(Circuit Court, N. D. Georgia. January 1, 1910.)

EQUITY (§ 202\*)—PLEADING—CROSS-BILL.

A cross-bill filed in an equity suit will not be stricken out on demurrer, where it may appear on the hearing that defendant is entitled to affirmative relief, to which such cross-bill is necessary and appropriate.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 202.\*]

In Equity. Suit by J. H. Ewing and others against the Seaboard Air Line Railway. On demurrer to cross-bill. Demurrer overruled.

Hoke Smith and Marion Smith, for plaintiffs.
Brown & Randolph and Alex C. King, for defendant.

NEWMAN, District Judge. The present hearing in this case is on a demurrer to a cross-bill filed by the defendants in the original bill.

While the main question in this case, and the first to be determined, is whether the receivers of the Seaboard Air Line Railway and the railway company have the right, as against the complainants in the original bill, to close Bartow street, or to occupy it for their terminals in the way proposed, still I am not so sure that, if the receivers of the Seaboard Air Line Railway and the railway company have the right, under the city ordinances and under the law of the state, to occupy the end of this short street, in view of the situation and surroundings, as they propose to occupy it, they would not be entitled under a proper proceeding to have that right settled upon the payment of proper compensation to Ewing and others for any injury to their property. It may be that their rights in this respect would be properly decreed on complainants' bill, the answer, and such testimony as may be submitted; but I am not sufficiently clear that they would not have the right to the affirmative relief claimed by them in the cross-bill to justify me in sustaining the demurrer to the cross-bill at this stage of the case.

If it should be finally determined in the case that the original complainants are entitled to a decree that the receivers of the Seaboard Air Line Railway and the railway company have no right to use the end of Bartow street otherwise than to cross the same in shifting cars to and fro, in the ordinary way that streets may be crossed for railroad purposes, then, as I understand it, the complainants insist upon no further relief, at least not upon any compensation. If, on the other hand, it should be finally determined that under the city ordinance and the law of the state, and in view of the character of the street and the surroundings, and what has transpired, that the receivers

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Seaboard Air Line Railway and the railway company may occupy the portion of Bartow street as they desire, and claim the right to do, then the question will be presented as to the exact character of the relief to which they would be entitled, and the condition upon which the same may be granted.

It may turn out in the course of the investigation, and the further hearing of the case, that a cross-bill is necessary to give them such relief. Certainly it is not now sufficiently clear that it will not be necessary to justify the court in striking the cross-bill. The rule as to cross-bills is well stated in the case cited by counsel for the original complainants, Miller & Lux v. Rickey et al. (C. C.) 146 Fed. 574, as follows:

"Speaking generally of cross-bills, it may be said that the right of a defendant in a suit in equity to file a cross-bill against his codefendants is admitted. The propriety of doing so in all cases may be seriously questioned, as it tends to prolong and complicate the trial, and often creates unnecessary expense; but the right exists, and in this regard I shall not interfere with the positions in which the respective parties have placed themselves. The responsibility they have assumed rests with them. The fact is that suits in equity are frequently complicated, and often involve many conflicting interests. In certain cases the subject-matter of the suits can be decided upon the issues made by the complaint and answer, but it sometimes happens that a suit cannot be completely disposed of without deciding upon the claims of defendant, either against the complainant or against codefendants, or against property which is the subject of litigation, and, as a general rule, the regular way of bringing such claims before the court is by cross-bill. A defendant may always avail himself of every possible defense that he can have to a suit by means of an answer alone, but there are cases in equity where the most effective way of making a complete defense is by attacking the assailant, whether complainant or a codefendant; and when a defendant in equity wishes to adopt that mode of defense an answer will not serve his purpose. He must resort to a cross-bill. 'An answer is a shield, not a weapon.' The distinction between these lines of a defense and an attack belongs to all systems of judicial procedure alike; but in the mode of dealing with this distinction there are wide differences. The same facts which will constitute a means of attack only in one system may be a defense proper in another system; but, as said in Langdell on Eq. Pl. § 50: 'This is not a difference in procedure. It is a difference in the law of rights.'"

The case of Railway Company v. Hughes, 105 Ga. 1, 30 S. E. 972, 70 Am. St. Rep. 17, cited by counsel for the receivers and the railway company, is interesting in connection with the right of the receivers and the railway company to the cross-relief prayed, particularly as it is a Georgia case, and dealing with the rights of landowners in Georgia. While the pleadings in the case were under the peculiar practice in Georgia, some of the language in the opinion appears to be appropriate here. The railway company had taken possession of certain property under conveyance of a life tenant, and at the expiration of the life estate certain litigations arose with the remainderman. This expression by Judge Cobb, for example:

"And the pleas of the defendant, which set up its right to have the value of the property passed upon by a jury, that they might be given an opportunity to purchase and pay for the same, were good in substance, and should not have been stricken."

Of course, this was a plea, and not a cross-bill, or cross-petition; but the character of the plea seems to have sought affirmative relief some-

what in the nature of the relief sought here by the receivers of the Seaboard Air Line Railway and the railway company. This case is reaffirmed and commented upon extensively in the case of Railway Company v. Barker, 105 Ga. 534, 31 S. E. 452.

Of course, the sufficiency and propriety of the cross-bill would depend largely upon the soundness of the legal proposition invoked by the receivers and the railway company as to their right to occupy the end of Bartow street as proposed, and that is not now determined.

The demurrer to the cross-bill is overruled, and the case made by the original bill and cross-bill is referred to Frank E. Callaway, Esq., master in chancery, for investigation and report upon the law and facts.