KNAUTH, NACHOD & KUHNE v. LOVELL et al.

(Circuit Court of Appeals, Fifth Circuit.   December 3, 1912.)

No. 2,246.

BANKRUPTCY (§ 302*)—BILL—INTERVENTION—CROSS-BILL.

A bankrupt's trustee, having sued to recover certain cotton charged to have been transferred to L. & Co. by the bankrupts, so as to create an unlawful preference, amended the bill, stating that others claimed a right in the cotton, and asking that all such persons be made defendants and be cited by publication. Thereafter interveners appeared, filed an answer to the bill, and obtained leave to file a cross-bill, in which they alleged that the bankrupts had obtained from them $98,000 by means of forged bills of lading, and that the money of which they had been defrauded had been invested in the cotton in question. *Held* that, the cross-bill having been filed by leave of court, it was error to summarily strike it from the files.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

Appeal from the Circuit Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Action by William S. Lovell, as trustee in bankruptcy of Knight, Yancey & Co., and others, against Lathan & Co. From an order striking the answer and cross-bill of Knauth, Nachod & Kuhne, they appeal. Reversed and remanded.

Thomas M. Stevens, of Mobile, Ala., and George T. Hogg and Antonio Knauth, both of New York City (Stevens & Lyon, of Mobile, Ala., and Briesen & Knauth, of New York City, on the brief), for appellants.

Walker Percy and Borden Burr, both of Birmingham, Ala., W. B. Spencer and Chas. P. Fenner, both of New Orleans, La., Augustus Benners, of Birmingham, Ala., and Jos. C. Rich and J. G. Hamilton, both of Mobile, Ala., for appellees.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM.   The following is the decree from which the appeal is taken:

"This cause having been argued and submitted on the motions of complainant, William S. Lovell, trustee, to strike out and from the file the answer of Knauth, Nachod & Kuhne to the original and amended bill of complaint, and the cross-bill and amended cross-bill filed by Knauth, Nachod & Kuhne, and the same being duly considered by the court, it is ordered and decreed by the court that said answer and said cross-bill and amended cross-bill be and the same are hereby stricken out and from the file herein, at the cost of said Knauth, Nachod & Kuhne."

The litigation was begun in the Circuit Court by the receiver and a creditor of Knight, Yancey & Co., bankrupts, to recover 7,800 bales of cotton, which, it was charged, had been transferred to Latham & Co. by the bankrupts within four months prior to the bankruptcy, under circumstances making the transfer an unlawful preference. The court caused to be seized 4,200 bales of cotton, being part of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cotton alleged to have been so transferred. Latham & Co. were allowed to substitute a bond for the cotton, and the cotton was delivered to them on May 14, 1910. On May 5, 1910, the complainants amended their bill by adding the following paragraph:

"Your orators are informed and believe, and on such information and belief charge, that there are persons other than said Latham & Co. who claim some right, title, or interest in said seventy-eight hundred (7,800) bales of cotton, or portions thereof, and that the names of such other persons, firms, or corporations are unknown to these complainants, and that the nature of any such right, title, or interest claimed in and to said seventy-eight hundred (7,800) bales of cotton is unknown to these complainants."

And by adding the following prayer:

"That all persons, firms, or corporations who claim any right, title, or interest in and to said seventy-eight hundred (7,800) bales of cotton be made parties defendants to this bill and be cited by publication to answer this bill."

On July 1, 1910, the appellants appeared and filed an answer to the bill, and obtained leave of court to file a cross-bill. Later they obtained leave to file an amended cross-bill. The amended cross-bill sets up that Knight, Yancey & Co. obtained from the appellants $98,005.58 by means of forged bills of lading, and that the money of which they were defrauded was invested in the assets involved in the suit.

We do not deem it necessary to consider the question as to whether the so-called cross-bill is, in fact, a cross-bill or an intervening petition. The appellants appeared in the case in response to the invitation extended by the amendment to the bill, and, having appeared, they answered. The cross-bill or intervening petition was filed by leave of the court. Whether it contains equity as an effort to trace funds obtained by fraud, or whether it presents a case requiring or permitting substituted service, we do not now decide. Without more elaborate statement, which at this time would serve no useful purpose, we are of the opinion that, under the circumstances which called the appellants into the case, and in view of the rights which they have asserted by leave of the court, their answer and cross-bill, or intervening petition, should not be summarily stricken from the files.

The decree appealed from is reversed, and the cause remanded.