LOVELL et al. v. LATHAM & CO. et·al.

(District Court, S. D. Alabama. January 23, 1914.)

No. 279.

1. BANKRUPTCY (§ 279*)—PREFERENCES—RECOVERY.

A preference by a bankrupt is voidable by the trustee who may recover the property or its value.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. § 279.*]

2. BANKRUPTCY (§ 279*) — PREFERENCES — RECOVERY — PERSONS ENTITLED TO SUE.

No person other than the bankrupt's trustee may maintain an action to recover property, or its value, transferred by the bankrupt, either in fraud of creditors, or as a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. § 279.*]

3. BANKRUPTCY (§ 257*) — PREFERENCES — RIGHT TO AVOID — ASSIGNMENT BY TRUSTEE.

A trustee's right to recover property transferred by the bankrupt as a preference is not assignable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. § 257.*]

4. EQUITY (§ 197*)—PARTIES—CROSS-BILL—RIGHT TO FILE.

One not a party to a suit in equity cannot file or join in a cross-bill or other pleading to the merits, until he becomes a party by some recognized mode of equity procedure.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 455–459; Dec. Dig. § 197.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. ACTION (§ 1*)—"CAUSE OF ACTION."

A cause of action is a matter for which an action may be brought. It is the matter of a complaint or claim on which a given action is grounded, whether legally maintainable or not.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 1–7, 85; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 2, pp. 1015–1019; vol. 8, p. 7598.]

6. BANKRUPTCY (§ 302*)—ACTION BY TRUSTEE—CROSS-BILL—RIGHT TO FILE.

A bankrupts' trustee sued to set aside a certain alleged preferential transfer of certain cotton by the bankrupts to L. & Co., whereupon cross-complainants intervened and filed a cross-bill seeking to impress a trust in their favor on various properties and certain cotton in the hands of the trustee. The cross-bill also prayed that the transfer of the bankrupts to L. & Co. be adjudicated invalid, and that the cross-complainants be subrogated to any right, title, and interest which the trustee may have in any and all cotton, bonds, and other property into which it was claimed the cross-complainants' money may have been converted, and that they be subrogated to any rights which the trustee may have under such bonds. *Held*, that the cross-bill alleged matters not pertinent to the original bill, and since it sought no relief against the original complainants, it was without equity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

7. EQUITY (§ 195*)—"CROSS-BILL."

A "cross-bill" is one brought by a defendant in a suit against the complainant in the same suit, or against the other defendants in the same suit, or against both, touching the matters in question in the original bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 446–449; Dec. Dig. § 195.*

For other definitions, see Words and Phrases, vol. 2, pp. 1758–1761; vol. 8, p. 7624.]

8. EQUITY (§ 195*)—CROSS-BILL—CONTENTS.

Since a cross-bill is auxiliary to the original suit and dependent on it, such bill may not introduce new and distinct matters not embraced in the original bill, as they cannot be properly litigated in that suit, but constitute the subject-matter of an original, independent suit.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 446–449; Dec. Dig. § 195.*]

In Equity. Action by W. S. Lovell, trustee in bankruptcy of Knight, Yancey & Co., against Latham & Co., in which Knauth, Nachod & Kuhne filed a cross-bill. On motion to dismiss cross-bill. Sustained.

See, also, 186 Fed. 602.

Percy, Benners & Burr, of Birmingham, Ala., and Rich & Hamilton, of Mobile, Ala., for trustee in bankruptcy.

Howe, Fenner, Spencer & Cocke, of New Orleans, La., for Latham & Co.

W. B. Spencer, of New Orleans, La., for American Surety Co.

Stevens & Lyons, of Mobile, Ala., and Briesen & Knauth, of New York City, for Knauth, Nachod & Kuhne.

TOULMIN, District Judge. This suit is one in which the trustee in bankruptcy, representing all creditors of the bankrupt estate, seeks

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to recover property, or a fund representing said property, which it is alleged and claimed was preferentially transferred to the defendants Latham & Co. by the bankrupts, Knight, Yancey & Co., in payment of an indebtedness to said Latham & Co. The suit seeks to avoid the alleged preferential transfer, and to recover the said fund to be administered by the bankrupt court for the benefit of all creditors of the bankrupts.

[1, 2] A preference is voidable by the trustee, and he may recover the property or its value. There is no authority in any other person to maintain the required action. Any other rule, even were the statute not clear on this point, would lead to confusion. Collier on Bankruptcy (9th Ed.) pp. 824, 827; Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co., 175 Fed. 335, 99 C. C. A. 123; In re Rothschild, 5 Am. Bankr. Rep. 587, 154 Fed. 194, 83 C. C. A. 288.

It is only through the instrumentality of the trustee that creditors can recover, and subject to the payment of their claims, the property which the bankrupt fraudulently transferred prior to the adjudication in bankruptcy. Creditors can have no remedy which will reach property fraudulently conveyed, except through the trustee. All such property, by the express words of the Bankrupt Act, vest in the trustee by virtue of the adjudication and of his appointment. Glenny v. Langdon, 98 U. S. 20, 25 L. Ed. 43; Trimble v. Woodhead, 102 U. S. 647, 26 L. Ed. 290; Collier on Bankruptcy, supra.

[3] If the delivery by the bankrupts of the cotton to Latham & Co. was a preference, the trustee only can maintain a suit to avoid it. He may not assign or transfer to another this right of avoidance. Bryan v. Madden, 15 Am. Bankr. Rep. 388, 109 App. Div. 876, 96 N. Y. Supp. 465; Collier on Bankcy. (9th Ed.) 824; Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co., 175 Fed. 335, 99 C. C. A. 123.

The issue in this case is whether the bankrupts made a preferential transfer to the defendants Latham & Co. of certain cotton as claimed and alleged in the complaint. If the plaintiff establishes his said claim he would be entitled to recover the cotton or its value. If he fails to establish said alleged transfer he would not be entitled to recover said cotton or its value. If such failure had any effect on the title to the cotton, it would be to make it good in Latham & Co., they having acquired the same by the said transfer of Knight, Yancey & Co., the bankrupts.

[4] The cross-complainants in this suit are not in fact named as defendants in the bill of complaint, or in the subpœna, and no relief is prayed against them, and no service has been had upon them. They are not parties to the original bill, and cannot rightly file or be parties complainant to a cross-bill thereon. United States Gypsum Co. v. Hoxie (C. C.) 172 Fed. 504.

It is a rule of equity pleading prevailing in the federal courts that one who is not a party to a suit cannot file or join in a cross-bill, or other pleading to the merits until he becomes a party to the suit by some recognized mode of equity procedure. United States Gypsum Co. v. Hoxie (C. C.) 172 Fed. 504; Ewing v. Seaboard Air Line Ry. (C. C.) 175 Fed. 517; United States v. Reese (C. C.) 166 Fed. 347.

The cross-complainants came into the case by invitation, contained in the prayer of the bill to unknown persons who might have, or claim to have, any right or interest in the subject-matter of the suit. Whereupon the cross-complainants came into court and asked permission to file a cross-bill. The granting or refusing permission to file a cross-bill is largely in the discretion of the court. Huff v. Bidwell, 151 Fed. 563, 566, 81 C. C. A. 43. The court, in the exercise of its discretion, granted permission to file the cross-bill, being at the time ignorant of its subject-matter and what its real purpose and allegations were. Subsequently, on motion of complainant and the defendants Latham & Co. to strike out said cross-bill, after argument thereon and examination of the cross-bill, the court was of opinion that it had improvidently granted permission to file it, and sustained the motion to strike. On appeal, the Circuit Court of Appeals (Knauth, Nachod & Kuhne v. Lovell, 200 Fed. 403, 118 C. C. A. 555) held that this court erred in summarily striking out the cross-bill and reversed the case for further proceedings. It now comes up on demurrers to the cross-bill and on motion to dismiss it for want of equity and on various other grounds set out in the demurrers and motion.

[5, 6] A cause of action is a matter for which an action may be brought. It is the matter of the complaint or claim on which a given action is in fact grounded, whether or not legally maintainable. The cause of action in this case is the alleged preferential transfer of certain cotton by Knight, Yancey & Co., bankrupts, to Latham & Co. On that cause of action the trustee in bankruptcy has the authority to maintain the required action to avoid the preference, to set aside the transfer, and to recover the cotton or its value. This court is, by the original suit, called upon by the trustee to ascertain and establish his right or title to certain cotton as against adverse claimants Latham & Co., who are made defendants to the suit, and not to any and all persons who may voluntarily come into the case and assert a claim to said cotton. The cross-complainants come into this case by a cross-bill, and seek to impress a trust in their favor upon various properties and certain cotton in the hands of the trustee in bankruptcy. Any such claim is not germane or pertinent to the original cause of action in the case, and cannot exert any influence in the trial and determination of the issue in it. If the issue made by the original bill can be completely disposed of without deciding upon any claim the cross-complainants may have, or be supposed to have, against Latham & Co., defendants to the original bill, or upon the cotton transferred to said Latham & Co. by the bankrupts, as alleged, then the cross-bill filed in this cause is not auxiliary or dependent upon the original suit. Hogg v. Hoag, 154 Fed. 1003, 83 C. C. A. 677.

The cross-bill prays that the bankrupts be adjudged and decreed to have received the sum of $98,000 from the cross-complainants, and to have held the same as their money and property. But the able counsel for cross-complainants, in his brief and argument, as I understood it, stated that they presented no personal demand against the bankrupts. The cross-bill has no prayer for relief against the trustee, the complainant in this suit, further than to seek a discovery from him

as to many matters which, in my opinion, are not involved in this suit and have no connection with it, so far as the complainant is concerned. In fact the counsel stated that the cross-bill is confined to an effort to impress a trust in favor of the cross-complainants upon various and certain property in the hands of the trustee in bankruptcy, but which he admits in his brief was beyond the power of this court in this cause. The cross-bill also seeks and prays that the transfer by the bankrupts to Latham & Co. of the cotton mentioned in the bill of complaint be adjudged "invalid and void and of no effect." It further seeks and prays that the cross-complainants be subrogated to any right, title, and interest which the trustee may have in any and all cotton, bonds, or other property into which their said money may have been converted, and that they be subrogated to any rights which the said trustee may have under said bonds. I think the law is well settled that if the transfer and delivery by the bankrupts of the cotton in question to Latham & Co. was a preferential transfer, as alleged in the original bill, the trustee only can maintain a suit to avoid it. He may not assign or transfer to another this right. Neither, in my opinion, can the cross-complainants be subrogated, that is, substituted for the trustee in the assignment of such rights as claimed. Collier on Bankcy. (9th Ed.) p. 824; Bryan v. Madden, 109 App. Div. 876, 96 N. Y. Supp. 465, 15 Am. Bankr. Rep. 388; Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co., 175 Fed. 335, 99 C. C. A. 123; Glenny v. Langdon, 98 U. S. 20, 25 L. Ed. 43; Trimble v. Woodhead, 102 U. S. 647, 26 L. Ed. 290, supra. A cross-bill which sets up matters not pertinent to the original bill, and seeks no relief against the original plaintiffs, is without equity. Andrews v. Hobson's Adm'r, 23 Ala. 219.

[7] A cross-bill is a bill brought by a defendant in a suit against the complainant in the same suit, or against the other defendants in the same suit, or against both, touching the matters in question in the original bill. 1 Beach on Modern Equity Practice, §§ 421, 422; Story's Equity Pleading, § 389. The matters sought to be brought by the cross-bill into controversy between the cross-complainants therein and their codefendants do not seem to me to be germane to, or to have any connection with, the matter in controversy between the complainant in the original bill and the said defendants Latham & Co.

"This is a litigation exclusively between the cross-complainants and said Latham & Co., with which the complainant in the original bill should not be embarrassed, or the record incumbered."

[8] The cross-bill should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit.

"A cross-bill is auxiliary to the original suit and a dependency on it." Ayres & Niles v. Carver et al., 58 U. S. (17 How.) 591, 594, 15 L. Ed. 179; Hogg v. Hoag, 154 Fed. 1003, 83 C. C. A. 677.

How are the facts alleged in the cross-bill auxiliary to the original suit? How do they give aid or furnish help to that suit, of which the cause of action is an alleged preferential transfer of certain cotton by Knight, Yancey & Co., bankrupts, to defendants Latham & Co.? The

cross-complainants are seeking to impress a trust upon certain cotton, a part of which they allege their money purchased, and that they have a trust fund in that cotton. The cotton is in the possession of defendants Latham & Co., the title to which they claim under the transfer and delivery to them by Knight, Yancey & Co. Assuming that the cross-complainants have and can trace a trust fund into the said cotton, how must they proceed to establish their claim and to impress their trust upon said cotton? Manifestly by a suit against said Latham & Co., who have said cotton in their possession and claiming it as their property. Some of the cross-complainants are resident citizens of New York state and some of Germany, while Latham & Co. are resident citizens of France. How and where does this court acquire jurisdiction to try and determine the controversy between these parties? It certainly acquires no such jurisdiction under the Bankrupt Act; and the general law conferring jurisdiction on the ground of diverse citizenship of the parties to the litigation has no application to the case, in view of the facts shown in it. No jurisdiction of the litigation between the cross-complainants and the defendants Latham & Co. has been acquired by the consent of said defendants. Collier on Bankcy. (9th Ed.) 482; In re Blake, 17 Am. Bankr. Rep. 668, 150 Fed. 279, 80 C. C. A. 167. On the contentions and admissions of the counsel for the cross-complainants this case, in substance and effect, is a suit by them against Latham & Co. of which, in my opinion, this court has no jurisdiction, whether the attitude of the so-called cross-complainants is that of cross-complainants or interveners, as they may be called.

A motion to dismiss a bill for want of equity should be sustained if, admitting the facts apparent on the face of the bill, whether well or ill pleaded, the complainant can have no relief. Seals v. Robinson & Co., 75 Ala. 363; Coleman v. Butt, 130 Ala. 268, 30 South. 364; Blackburn v. Fitzgerald's Adm'r, 130 Ala. 584, 30 South. 568.

I am of opinion that the motion to dismiss the cross-bill should be sustained, both for want of equity in said cross-bill and for want of jurisdiction in this court to entertain the same.

Let a decree be entered accordingly.