WILLIAMS ET AL. *v.* McDONALD.

[No. 14,927. Filed May 27, 1935. Rehearing denied October 18, 1935. Transfer denied January 7, 1936.]

*Rees & Smith* and *Dyer & Dyer,* for appellants.

*Darrow, Rowley & Shields,* and *Hickey & Dilworth,* for appellee.

DUDINE, C. J.—On January 14, 1928, appellant, Leland T. Williams, executed his promissory note to the First National Bank of LaPorte, Indiana, for two thousand dollars, and appellee was a surety on said note. Said note became due July 14, 1928, six months after date.

On May 5, 1928, appellant Leland T. Williams and Golda E. Williams, his wife, conveyed eighty acres of real estate to appellant Anna S. Williams, his mother.

On July 15, 1929, said bank obtained a judgment against appellant Leland T. Williams on said note, and on July 26, 1929, said bank assigned said judgment to appellee.

On November 23, 1929, appellee filed a complaint to set aside said conveyance of said real estate, naming appellants and said Golda E. Williams as party defendants, alleging that appellant Leland T. Williams was indebted to him for money paid out by appellee for said appellant.

On December 11, 1929, appellant Leland T. Williams

filed a voluntary petition in bankruptcy in the U. S. District Court. He was duly adjudged a bankrupt as of that date. He was discharged on February 24, 1930. Appellee received notice of said bankruptcy adjudication on February 26, 1930.

On May 2, 1930, appellee filed an amended complaint to set aside said conveyance of said real estate. Said amended complaint made appellants and said Golda E. Williams party defendants. It alleged that said bank obtained said judgment against appellant Leland T. Williams, and that said bank duly assigned said judgment to appellee on the 26th day of July, 1929, that on May 5, 1928, before said note became due, appellant Leland T. Williams and Golda E. Williams conveyed said real estate (described) to appellant Anna S. Williams, mother of Leland,

"for a colorable consideration of One Dollar, but in fact no consideration whatever passed between the parties and the conveyance of said real estate was made for the purpose and with the intent of defrauding, cheating, hindering and delaying the creditors of said defendant, Leland T. Williams, including this plaintiff, and to avoid the payment of said obligation which he, the said Leland T. Williams, owed and upon which obligation this plaintiff was surety."

Thereafter appellants filed an "amended answer" in abatement which set up said adjudication and discharge in bankruptcy, that said judgment alleged in the amended claim was a claim provable in said bankruptcy proceeding, that a trustee in bankruptcy had been appointed and qualified and was and "is" legally acting as such trustee in said bankruptcy proceeding, and that appellee had actual notice of said bankruptcy proceeding. Appellee filed a demurrer to the plea in abatement which demurrer was sustained, with exceptions to appellants.

Thereafter appellants filed an answer in two para-

graphs, the first being a general denial. The allegations in the second paragraph of answer were similar in legal effect insofar as this appeal is concerned to the allegations in said plea in abatement. Appellee filed a demurrer to said second paragraph of answer, which demurrer was sustained, with exceptions to appellants.

Thereupon the cause was submitted to the court for trial without the intervention of a jury on the issues presented by the amended complaint and the answer in general denial.

The court found for appellee and rendered judgment that said conveyance be "set aside and declared void as against the plaintiff herein . . . and that the equity of the defendant Leland T. Williams and Golda E. Williams, his wife, be subjected to the judgment of the plaintiff . . ."

Thereafter appellants filed a motion for new trial, alleging as causes therefor that: 1. The decision is contrary to law. 2. The decision is not sustained by sufficient evidence—which motion was overruled.

Thereafter this appeal was perfected, the error assigned being: 1. Error in sustaining the demurrer to the amended answer in abatement. 2. Error in sustaining the demurrer to the second paragraph of answer. 3. Error in overruling the motion for new trial.

The evidence conclusively shows the facts alleged in said amended answer in abatement and said second paragraph of answer.

One contention, presented by appellants in their brief, is determinative of the question as to whether the court erred in sustaining the demurrer to said plea in abatement, in sustaining the demurrer to the second paragraph of answer, or in overruling the motion for new trial—and, quoting from appellants' brief, that contention is "appellee did not have the right to prosecute this action to final termination in the state

court, for when the Trustee in Bankruptcy is (was) appointed, title to all his property . . . vests (vested) in the Trustee, and this applies to property claimed to have been fraudulently transferred by the bankrupt."

We agree with appellants' said contention, on authority of *Trimble* v. *Woodhead et al.* (1881), 102 U. S. 647, 26 L. Ed. 290. (Cited with approval in *Bingaman* v. *Commonwealth Trust Co.* [1926], 15 Fed. [2d] 119.)

The facts in that case were similar in legal effect to the facts in the instant case insofar as said contention is concerned. In that case the United States Supreme Court held that the right to subject property fraudulently transferred by a bankrupt, before his adjudication as a bankrupt, to the payment of the bankrupt's debts which existed prior to the bankruptcy proceeding —is in the trustee in bankruptcy, and therefore affirmed a dismissal of a petition of a judgment creditor of the bankrupt to subject such fraudulently transferred property to sale for the payment of his judgment.

We deem it advisable to quote from *Trimble* v. *Woodhead et al., supra,* as follows: "Nor is the creditor of a bankrupt without remedy in such a case as the present. If he is aware of the existence of property or credits which should rightfully go to the assignee for the benefit of the creditors, he should inform the assignee of all he knows on the subject, and request him to proceed, by suit, if necessary, to recover it. If he declines, a petition to the court of original jurisdiction would, if a proper case was made, compel the assignee to proceed. See *Glenny* v. *Langdon* (98 U. S. 20) already cited. Indeed the whole question is so fully considered in that case that little more need be said.

"We may, however, suggest consequences readily to be seen if any other doctrine were held.

"The primary object of the bankrupt law is to secure the equal distribution of the property of the bankrupt

of every kind among his creditors. This can only be done through the rights vested in the assignee and the faithful discharge of his duties. Let us suppose, however, that a creditor of the bankrupt is aware of the existence of property of the bankrupt sufficient to satisfy his own debt, which has not come to the possession or knowledge of the assignee. He has but to keep silence for two years, and then bring suit in his own name against the fraudulent holder of this property, and make his debt really at the expense of the other creditors; or he may have an understanding with the bankrupt, who, after two years, and after his own discharge from all his debts may confess judgment to this creditor and furnish him the evidence to prove the fraud, and thus secure him a preference forbidden by the Act itself."

*In re Butterwick* (1904), 131 Fed. 371, 372, the court said, ". . . the trustee (in bankruptcy) does not stand simply in the shoes of the bankrupt, but is invested with the rights of his execution creditors; . . ."

In *Lovell* v. *Latham & Co.* (1914), 211 Fed. 374, 376, the court said, "It is only through the instrumentality of the trustee that creditors can recover, and subject to the payment of their claims, the property which the bankrupt fraudulently transferred prior to the adjudication in bankruptcy."

"The trustee (in bankruptcy) is vested not only with the title of the property, but also with the creditor's right of action with respect to the property of the bankrupt fraudulently transferred or incumbered by him. . . ." Gilbert's Collier on Bankruptcy, 3rd Ed. (1934), Sec. 1461, p. 1179.

Appellee further contends that "where suits are instituted in state courts prior to proceedings in bankruptcy to enforce an existing lien acquired four months prior to the adjudication in bankruptcy, the state court maintains its jurisdiction and cannot be ousted by proceed-

ings in bankruptcy." It is not necessary that we determine whether or not such contention is tenable, and we do not so determine.

The record does not show that appellee acquired a lien against the real estate four months prior to the adjudication in bankruptcy. At the time the First National Bank of LaPorte acquired the judgment against appellant Leland T. Williams on the note, appellant Anna S. Williams held title to the real estate, and if it be assumed that said conveyance was fraudulent as charged in the amended complaint, her title was merely "voidable," not void, at the time the judgment was secured. 12 R. C. L. 598; see 27 C. J. 464, Note (a). Title being in Anna S. Williams when the judgment was secured, and the judgment not being against her, it could not be a lien against the real estate.

The record shows that the original complaint was filed November 23, 1929, less than one month before appellant Leland T. Williams filed his petition in bankruptcy. Appellant Anna S. Williams holding title to the real estate at the time said bank's judgment was acquired, and her title being unattacked until less than one month before said bankruptcy proceeding was instituted, no lien could have been acquired on said real estate by virtue of said judgment, four months prior to said adjudication in bankruptcy, hence appellee's said contention is unavailing to him.

Appellee also contends that since he had a lien on the real estate to secure his claim, he did not have to file a claim against the bankrupt estate, but could rely on his lien. We need not and do not determine whether or not such contention is tenable, because the record does not show that appellee had a lien on the real estate.

The right to prosecute this action, being in the trustee in bankruptcy, and not in appellee, the demurrer to

appellant's amended answer in abatement should have been overruled.

Appellant presents other questions, but on account of the conclusion we have reached as to the demurrer to the amended plea in abatement, it is not necessary that we discuss said other questions.

The judgment is reversed with instructions to overrule the demurrer to appellants' amended plea in abatement and for further proceedings not inconsistent with this opinion.